UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JOE THORNBLAD,

    Petitioner,

v.

Commissioner of Human Services
CAL LUDEMAN,

    Respondent.

Civil No. 10-4154 (JNE/SRN)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

Petitioner has a long history of mental illness and violent criminal conduct. In 1996, civil commitment proceedings were brought against him in the state district court for Renville County, Minnesota. At the conclusion of those proceedings, Petitioner "was committed for an indeterminate period as mentally ill and dangerous," and that ruling was subsequently affirmed by Minnesota Court of Appeals. In re Thornblad, No. C0-96-1793, (Minn.App. 1996), 1996 WL 745221 at *1 (unpublished opinion).

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner is still being detained by the State of Minnesota pursuant to his 1996 civil commitment. He is currently held at the St. Peter Regional Treatment Center in St. Peter, Minnesota.

In 2005, Petitioner attempted to challenge his civil commitment in federal court, by filing a habeas corpus petition in this District, pursuant to 28 U.S.C. § 2254. Thornblad v. Goodno, Civil No. 05-1753 (RHK/SRN), [hereafter "Thornblad I"]. That action was summarily dismissed, because Petitioner did not identify any federal constitutional grounds for challenging his civil commitment. See Thornblad v. Goodno, Civil No. 05-1753 (RHK/SRN), (D.Minn. 2005), 2005 WL 2230410.[2]

In the present case, Petitioner is once again seeking federal habeas corpus review of the 1996 state civil commitment order. The current petition does not offer any specific factual or legal grounds that supposedly warrant the issuance of a writ of habeas corpus; Petitioner merely states – "I should be released." (Petition, p. 4, § 12.)

Because Petitioner's present habeas corpus petition challenges the same state court order that was before the Court in Thornblad I, (i.e., the 1996 Renville County civil commitment order), the present petition is a "successive petition," which cannot be entertained at this time.

---

[2] After Thornblad I was dismissed, Petitioner initiated a new action in the state courts, seeking to be discharged from his civil commitment. The state courts denied Petitioner's discharge application, (Thornblad v. Goodno, No. A06-1620 (Minn.App. 2007), 2007 WL 236236, (unpublished opinion), rev. denied, Mar. 28, 2007), and he then filed another habeas corpus petition in this District, seeking federal review of the state courts' rulings in that matter. Thornblad v. Windels, Civil No. 07-1857 (RHK/SRN). Petitioner's habeas corpus petition challenging the denial of his discharge application was denied on April 16, 2008. (Id., Docket No. 39.)

2

## II. DISCUSSION

The current federal rule restricting second or successive habeas corpus petitions is set forth at 28 U.S.C. § 2244(b).[3] Under that rule, a district court cannot entertain a second

---

[3] 28 U.S.C. § 2244(b) provides as follows:

"**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

>  **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>  **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>  **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
**(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

or successive application for habeas corpus relief filed by an individual in state custody, unless that individual has first obtained a pre-authorization order from the appropriate federal court of appeals, which allows him to file another petition. 28 U.S.C. § 2244(b)(3)(A). See Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (inmate must receive pre-authorization from the Court of Appeals in order for a district court to consider a second or successive application for habeas corpus relief).

As noted above, Petitioner previously sought federal habeas review of his 1996 civil commitment order in Thornblad I. In 2009, Petitioner filed a second federal habeas corpus petition challenging the same 1996 civil commitment order. That second habeas case, (like this one), had to be summarily dismissed, because it was a second or successive petition, which had not been pre-approved by the Eighth Circuit Court of Appeals. See Thornblad v. Vue-Benson, Civil No. 09-439 (JNE/SRN).

Thus, the petition now before the Court is Petitioner's third application for federal habeas corpus review of the 1996 Renville County civil commitment order. Because Petitioner's initial habeas petition, (Thornblad I), was dismissed for failure to state an actionable claim, the Court finds that the present petition must be viewed as a "second or successive petition" for purposes of § 2244(b). Therefore, the present action cannot be entertained without a pre-authorization order from the Eighth Circuit Court of Appeals. Because Petitioner has not obtained such an order, his current petition must be summarily dismissed for lack of jurisdiction. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996);

---

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

Chadwick v. Graves, 110 F.Supp.2d 1110, 1114, (N.D.Iowa 2000); Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996).[4]

The Court will recommend that this action be dismissed without prejudice, so that Petitioner can resubmit his habeas claims in a new action, <u>if he is able to secure a pre-authorization order from the Court of Appeals</u> as required by § 2244(b)(3)(A). However, <u>the District Court will not entertain any future habeas petition challenging the 1996 Renville County civil commitment order, unless the petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals, as required by § 2244(b)(3)</u>.[5]

Finally, having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will also recommend that Petitioner's pending application to proceed in forma pauperis, (IFP), (Docket No. 2), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

---

[4] Petitioner has submitted some extraneous materials with his petition, which the Court has reviewed. Some of those materials seem to indicate that Petitioner believes he is automatically entitled to file a new federal habeas corpus petition every six months. That proposition is not supported by any apposite legal authority, and it is directly foreclosed by 28 U.S.C. § 2244(b). Petitioner also seems to believe that he is entitled to have a different judge review each new petition that he files, but he has not furnished any legal authority to support that notion, and it is plainly erroneous.

[5] Although this action must be summarily dismissed for lack of jurisdiction, the Court notes that the action could not succeed in any event, because it is clearly barred by the one-year statute of limitations that applies to federal habeas corpus petitions. 28 U.S.C. § 2244(d). Furthermore, Petitioner has not presented any sustainable grounds for granting habeas corpus relief; indeed, he has offered nothing to support his current request for a writ of habeas corpus. Therefore, if the District Court had jurisdiction in this matter, the current petition would undoubtedly be dismissed.

### III. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should not be granted a COA in this matter.

### IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Docket No. 1), be DENIED;

2. Petitioner's application for leave to proceed In Forma Pauperis, (Docket No. 2), be DENIED;

3. This action be summarily dismissed for lack of jurisdiction; and

4. Petitioner should NOT be granted a Certificate of Appealability.

Dated: October 20, 2010

                                             s/ Susan Richard Nelson
                                             SUSAN RICHARD NELSON
                                             United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 4, 2010** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.